IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY BELL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-2344-K-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Gary Bell, a Texas prisoner, has filed an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of possession of a controlled substance in a drug-free zone.

Punishment was assessed at 17 years confinement and a $2,500 fine. His conviction and sentence

were affirmed on direct appeal. *Bell v. State*, No. 10-08-00014-CR, 2009 WL 2645022 (Tex. App.--

Waco, Aug. 26, 2009, no pet.). Petitioner also filed an application for state post-conviction relief.

The application was denied without written order on the findings of the trial court. *Ex parte Bell*,

WR-73,717-01 (Tex. Crim. App. Apr. 28, 2010). Petitioner then filed this action in federal district

court.

II.

Petitioner raises two broad issues in four grounds for relief: (1) the indictment was defective;

and (2) he received ineffective assistance of counsel.

A.

Petitioner contends that the indictment, which charged him with possession of less than one gram of cocaine in a drug-free zone, was fatally defective because he was originally charged in a sworn criminal complaint with possession of between two and four ounces of marijuana. (*Compare* St. App. Tr. at 004 & 007). "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied*, 115 S.Ct. 157 (1994). An indictment that sets forth the elements of the offense in language clear enough to enable the defendant to plead a bar in jeopardy does not raise a jurisdictional defect. *See Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985). Furthermore, federal courts may not consider the issue if the highest state appellate court has reviewed the indictment and concluded that jurisdiction is proper. *See McKay*, 12 F.3d at 68; *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 1546 (1989).

By denying this claim on state collateral review, the Texas Court of Criminal Appeals implicitly found that the indictment conferred jurisdiction on the trial court and was sufficient. Petitioner cannot revisit that determination on federal habeas review. *See McKay*, 12 F.3d at 70 (implicit finding by Texas Court of Criminal Appeals that indictment was not fundamentally defective "should end the inquiry").

B.

In three grounds for relief, petitioner alleges that he received ineffective assistance of counsel because: (1) trial counsel did not file any pretrial motions and failed to investigate the case; and (2) he was denied the opportunity to hire an attorney of his own choosing after his court-appointed

lawyer withdrew. Petitioner also complains that the state habeas court should have required his former attorneys to file affidavits in response to the allegations of ineffective assistance of counsel.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *appeal filed*, Sept. 8, 2009 (5th Cir.) (No. 09-70024) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable

application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

2.

Petitioner criticizes his first lawyer, James E. Polk II, for failing to file pretrial motions. The record shows that Polk filed four motions before he withdrew from the case: (1) a motion to record all court proceedings, including jury voir dire and opening statements; (2) a motion to require the state to provide notice of its intent to offer extraneous offense evidence; (3) a motion for discovery and inspection; and (4) a motion for bail reduction. (*See* St. App. Tr. at 010-19). In addition, Polk wrote a letter to the trial court demanding a speedy trial for his client. (*See id.* at 009). Petitioner does not identify any other pretrial motions that should have been filed by Polk, or explain how those motions would have changed the outcome of the trial. His vague, conclusory, and self-serving allegations do not merit habeas relief. *See Coker v. Thaler*, 670 F.Supp.2d 541, 552-53 (N.D. Tex. 2009) (citing cases), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010).

Similarly, petitioner fails to explain how William Price, the attorney appointed to represent him after Polk withdrew, was ineffective for failing to conduct an adequate investigation. Although

petitioner alleges that Price should have asked for a continuance "to become more acquainted with the facts of [the] case[,]" (*see* Hab. Pet. at 7, ¶ 20(B)), he does not further elaborate on this claim. The closest petitioner comes to explaining how counsel was ineffective in this regard is criticizing Price for not calling as witnesses unidentified family members and friends who possibly could have testified that petitioner did not throw any drugs on the ground. (*See* Pet. Br. at 2, 4-5, 7). "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Not only has petitioner failed to identify any of these missing witnesses, but there is no competent evidence that the witnesses were available to testify at trial and would have done so. Without such evidence, petitioner is not entitled to habeas relief. *See Mumphrey v. Thaler*, No. 3-09-CV-1816-N, 2010 WL 1233541 at *4 (N.D. Tex. Feb. 19, 2010), *rec. adopted*, 2010 WL 1233545 (N.D. Tex. Mar. 29, 2010), *COA denied*, No. 10-10380 (5th Cir. Sept. 15, 2010), *pet. for cert. filed*, Oct. 8, 2010 (No. 10-8000).[1]

3.

Petitioner's claim that he was denied counsel of his own choosing is unexhausted and procedurally barred from federal habeas review. A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the

---

[1]   In his brief, petitioner references the notarized affidavits of missing witnesses "filed in this case, not supplied here[.]" (*See* Pet. Br. at 5). However, a thorough review of the state court record and the materials filed by petitioner in federal court do not reveal any witness affidavits.

factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)     the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)     by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Clay v. Cockrell*, 48 Fed.Appx. 104 (Table), 2002 WL 31017137 at *2 (5th Cir. Aug. 20, 2002), *cert. denied*, 123 S.Ct. 1492 (2003) (an unexhausted claim, which would be barred by Texas abuse-of-writ doctrine if raised in a successive habeas application, is procedurally barred from federal habeas review); *Jaramillo v. Quarterman*,

No. SA-08-CV-1003-XR, 2009 WL 3765501 at *3 (W.D. Tex. Nov. 10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*.").

On state collateral review, petitioner argued that defense counsel was ineffective: (1) for failing to meet with him to discuss trial strategy; (2) for not filing pretrial motions; (3) for not objecting to the state's motion in limine; (4) for not requesting a continuance; and (5) for not contacting all of his witnesses. *See Ex parte Bell*, WR-73,717-01, Tr. at 14-18. Nowhere in his state writ did petitioner complain that he was denied the opportunity to hire an attorney of his own choosing after his first lawyer withdrew. The court finds that a Texas court presented with this unexhausted claim in a successive habeas petition would likely find it barred. Consequently, federal habeas relief is not proper. *See Clay*, 2002 WL 31017137 at *2; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

4.

To the extent petitioner argues that the state habeas court should have required his former attorneys to file affidavits in response to the allegations of ineffective assistance of counsel, his claim is not cognizable under 28 U.S.C. § 2254. "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001). This ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE